IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Juana Gomez, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. 1: 15-cv-00446 |
| | § | |
| Commissioner of Texas Department of | § | |
| State Health Services John Hellerstedt, | § | |
| in his official capacity, et al., | § | |
| § | | |
| Defendants. | § | |

Plaintiffs' Motion to Compel Discovery

Now come the Plaintiffs in the above entitled and numbered cause and move this Court to compel Defendants' full response to Plaintiffs' First Request for Production of Electronically Stored Information, Amended Second Request for Production of Documents, and First Set of Interrogatories. Although Defendants have presented a partial response, their omissions, taken together with serious deficiencies in the state vital statistics data system, are incomplete and omit information necessary for Plaintiffs' trial preparation.

Accordingly, Plaintiffs seek to compel the Defendants to produce limited portions of their data base, and to obtain and produce additional information currently within their control.

In support of this Motion to Compel, the Plaintiffs would show the following:

*Background Information:*

Plaintiffs allege equal protection and other constitutional violations by the state of Texas, and they seek declaratory and injunctive relief. Specifically, Plaintiffs assert that changes in the

1

state regulations and policies regarding the identification required to obtain a Texas-born child's birth certificate, discriminate against them on the basis of immigration status. Defendants argue that the state's regulations and policies regarding acceptable identification documents are so broad and flexible as to permit most persons, including members of the undocumented immigrant community, to obtain a birth certificate for their children.

Plaintiffs have sought basic data that, upon information and belief, will show that since the changes, there has been a significant increase in the percentage of children born in a given district, for whom no birth certificate has been issued. Initial information suggests that this has indeed occurred. Plaintiffs also need sufficient data to show the portion of the children who have not received birth certificates are the sons and daughters of undocumented parents.

It should not be difficult to make this showing with the basic information. Plaintiffs have requested data from the state showing the total number of children born in a four year period both before and after the changes in Defendants regulations and policies. This information has been produced. For each such child, information is also sought as to whether a birth certificate has been issued, where the child was born (border areas being the most relevant), and where each parent was born. Likewise, Plaintiffs seek additional information relevant to determining the immigration status of the parents. For example, if the mother received Children's Health Insurance Program (CHIP) perinatal insurance, she was either financially ineligible for regular Medicaid, or she had no legal immigration status. The latter is far the more likely, in an impoverished region such as the Rio Grande Valley.

Much of this information, and far more, is obtained by hospital staff at the time of the birth, and entered into the Texas Electronic Registration data base, or "TER." Defendants have immediate control over, and unlimited access to, all information in the TER system.

Plaintiffs seek portions of the data from the TER constituting the above described information, in a form permitting the data to be compiled and manipulated. . Rather than produce the data as requested by Plaintiffs, Defendants have generated pdfs, presumably generated from the TER, which contain a small portion of the information sought in a manner that makes necessary compilation of the data impossible. For example, one pdf includes the following information: mother's place of birth, father's place of birth, and registration district in which the child was born. It appears in the file's title to indicate the year in which the child was born, but importantly does not include the child's name or full date of birth. Another, separate pdf contains the child's name, date of birth, sex, and county of birth. However, as produced by Defendants it is impossible to match the two lists.

Plaintiffs' effort to identify the number of children born to undocumented parents for whom no birth certificate has been issued is hampered by the fact that Texas still operates as a two-tier or dual registration system. As noted, all birth data, including socio-economic information, is entered by the birth hospital into the TER. Defendants then send some, but not all, of the information to the local registration district where the child was born. These may be, for example, cities or counties. The local districts keep their own, separate data bases (or occasionally non-electronic records system), and input the information from the state into it. When they issue a birth certificate for a child born in their own district, they issue it from this local data base. They are required to record the issuance in their local data base, but not in the TER. The local districts are only requested to inform the state of the total numbers of locally

3

issued birth certificates annually. According to the Defendants, the TER only contains information as to issuance of birth certificates done via the TER. Crucially, it does *not* contain information as to which children have or have not received a birth certificate in their local birth districts.

Some local districts are authorized to also issue birth certificates to children *not* born locally. These birth certificates are issued from the TER system, and the district then reimburses the state for some of the fees. Thus, the TER does contain information as to birth certificates issued using the data base. These form, however, only a small percentage of the total birth certificates issued.

In short, Texas, despite its security policy of restricting each person to ten birth certificates in their lifetime [1], does not have information in its TER data base as to exact number of birth certificates that have been issued to a specific child. Plaintiffs have only recently learned of this systemic defect from Defendants' response from the deposition of Geraldine Harris on April 8, 2016.

In addition, Plaintiffs understand that the local districts assign different identification/registration numbers to each birth record than those assigned in the TER. To Plaintiffs' knowledge, the only accurate way to cross-reference partial information obtained from the various data bases is by the child's name, date and place of birth, and the names of the parents.

Significantly, Defendants have the authority to obtain any and all pertinent data from the local registration districts. Indeed, all confidential and/or private information is *first* entered into

---

[1] If additional copies are requested, the file is supposed to be flagged and referred to the OIG as a possible case of abuse.

the state's TER system. There is thus no information held locally that is entitled to protection from state review. Moreover, VSU has supervisory and monitoring authority over the local districts and routinely receives reports from them as to the total number of children born, total birth certificates issued, the types of identification accepted, security measures, training, and so forth. Specific documents and files can be and are demanded whenever necessary to assure compliance with state regulations. See, Tex. Health & Saf. Code, Title 3 (Vital Statistics), § 191.001 *et seq*.

*Plaintiffs' Request for Discovery:*

Plaintiffs have sought relevant portions of the Defendants' data base. (Request for Production of Electronically Stored Information, Attachment 1). Production for inspection and copying of a data base is permissible under F.R.Civ. P. , Rule 34, and, in the computer era, such discovery has become common. There is clear and recent precedent for the release of substantial portions of a data base in the recent Texas Voter Identification case, Veasey v. Perry, 71 F.Supp. 3d, 627, 659-663 (S.D. Tex, 2014); see also Veasey v. Abbott, 796 F.3d 487, 505-506 (5th Cir., 2015). In that case, the court relied extensively on information derived from numerous data bases obtained through discovery, including multiple data bases belonging to Texas. Moreover, in this litigation, a protective order is already in place. Plaintiffs are willing to accept additional appropriate protections.

Plaintiffs have requested the portions of the TER data base which would indicate, inter alia, for children born in Texas since 2008 the following information:, the child's name, date and place of birth; the parents' names, addresses, place of birth, ethnicity and race; whether a birth certificate has been issued for that child and by whom; and corresponding, relevant socio-

economic data described above. This information is relevant and, in fact, crucial to Plaintiffs' proving the discriminatory effect of Defendants' conduct. Moreover, the name of the child, parents and date and place of birth, as identifiers, are necessary for any cross-referencing and integration of the data, as discussed below, with other data.

Defendants have refused to produce any portion of the requested data base. Instead they have provided an index of the children's names, place and date of birth, and the names of the parents. However, such indices do not include whether or not a local or VSU birth certificate has been issued to a specific child, the birthplace of the child's parents, or the family's relevant socio-economic data. Plaintiffs need all of the data requested from Defendants immediately. This data will form the basis of Plaintiffs' data experts' analysis. Plaintiffs had assumed and hoped that such data would already exist in periodic reports, and requested such data in their First Request for Production served December 8 , 2015. Since it apparently does not, Defendants must produce the requested portions of their data base, with adequate identifying information to permit cross referencing.

Plaintiffs, in their Second Amended Request for Production, and First Interrogatories, sought other documents that are likely to help with their compilations and presentations. These were written on the assumption that Defendants would properly produce the data base. For the most part, Defendants have answered that they have no responsive documents. What little has been produced is near-useless because it cannot be cross-referenced to other necessary data.

Defendants have, for example, presented a lengthy document indicating the birth places of the parents for children born during the requested time period who have not received a birth certificate *from VSU*. However, no corresponding information has been presented as to whether

or not the indicated child has received a birth certificate from the local registration districts. Defendants have apparently not attempted to obtain from the local registration districts the data about birth certificates issued by those districts. Even once the local birth certificate issuance information is produced, there will be no way to integrate it with the Defendants' compilation, which contains no unique identifying information, such as the child's name and date of birth. The compilation will thus remain a disconnected fragment. Likewise, Defendants compiled limited statistics about changes in the number of birth certificates issued by VSU. Again this information cannot be properly integrated with the necessary data about the parents' place of birth, issuance of a local birth certificate, or the necessary socio-economic data.

Although birth indices recently produced do provide the names and dates of birth of the children, Plaintiffs would still have to go to each of the 450 local districts to determine if a birth certificate had been issued from the local data base for each named child [2], and then back to the Defendants to see if VSU had issued a birth certificate, either directly or through the remote system, to each such child. Plaintiffs would then still need the place of birth, address, and other requested information regarding the parents of each named child determined to have had no birth certificate. Such information is necessary to determine the likelihood of the child's parents being undocumented. That information is contained in TER data base which has been improperly withheld by Defendants.

Defendants should be required to obtain the data from the local districts as to which children have and have not been issued birth certificates, and produce such data to the Plaintiffs

---

[2] Again, the only common identifiers, so far as Plaintiffs have been informed, are the names and dates of birth of the children, together with the names of the parents. Without this, Plaintiffs cannot cross reference the list of children without locally issued birth certificates to the Defendants' list of children without VSU birth certificates.

7

for purposes of cross referencing with the other requested data. Defendants have centralized communications with all the registration districts, and have the authority to demand data and information, as discussed above.

*Prayer for Relief:*

Plaintiffs seek an order from this Court requiring the Defendants to:

1. Produce forthwith all requested TER data base fields identified in Attachment A.
2. Obtain and produce forthwith from each of the state's local registration districts the requested data as to which children born in each district during the relevant time period have received a birth certificate from that district, either from the local district data base, or through the remote TER system. The information produced should include the child's name, date and place of birth, and the parents' names for purposes of cross referencing other data, including that contained in the TER.

Respectfully Submitted,

/S/Jennifer K. Harbury

Jennifer K. Harbury
Attorney in Charge[3]
Texas Bar No. 08946500
S.D. No.26569
TEXAS RIOGRANDE LEGAL AID, INC.
300 S. Texas Blvd.
Weslaco, Texas 78596
Tel. 956-447-4800
Fax: 956-968-8823

---

[3] Texas RioGrande Legal Aid, Inc. represents all Plaintiff children in this case. All adult Plaintiffs are represented by the Texas Civil Rights Project.

/S/ Marinda van Dalen

Marinda van Dalen
Attorney at Law
Texas Bar No. 00789698
S.D. No. 17577
TEXAS RIOGRANDE LEGAL AID, INC.
531 E. St. Francis St.
Brownsville , TX 78520
Tel.  956-982-5540
Fax: 956-541-1410


/S/ Efrén C. Olivares

Efrén C. Olivares
Attorney at Law
Texas Bar No. 24065844
Southern District of Texas No. 1015826
SOUTH TEXAS CIVIL RIGHTS PROJECT
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: 956-787-8171
Fax: 956-787-6348


/S/ Mimi Marziani

Mimi Marziani
Attorney at Law
State Bar No. 24091906
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741-3438
Tel: 512-474-5073
Fax: 512-474-0726

Certificate of Conference:

I, Jennifer Harbury, hereby certify that efforts were made to resolve these matters with counsel for Defendants. Plaintiffs proposed a compromise on Monday, April 18th to which no response has been received, despite the stated urgent need for the sought discovery. At that time, Plaintiffs informed Defendants of their intention to file this Motion to Compel Discovery today, April 20, 2016.
/S/ Jennifer K. Harbury

Certificate of Service:

I, Marinda van Dalen, hereby certify that the above Motion was served upon the Defendants on April 20, 2016 by means of this Court's electronic filing system.
/s/ Marinda van Dalen